Form: ICB-12001-01 rev. 01

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in compliance with D.N.J. LBR 9004-2(c)<br><br>Isabel C. Balboa<br>Chapter 13 Standing Trustee<br>Cherry Tree Corporate Center<br>535 Route 38, Suite 580<br>Cherry Hill, NJ 08002-2977 | <br>Order Filed on February 24, 2017<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Dora Mae Canning<br><br><br>Debtor(s) | Case No.:  16-10773 (ABA)<br><br>Hearing Date:  02/22/2017<br><br>Judge:  Andrew B. Altenburg, Jr. |

# ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two(2) through four(4) is hereby

**ORDERED**.

**DATED: February 24, 2017**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Page 2 of 4
Debtor: Dora Mae Canning
Case No.: 16-10773 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

The plan of the debtor having been proposed to the creditor, and a hearing having been held on the Confirmation of such Plan, and it appearing that the applicable provision of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 01/15/2016, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor; and it is further

**ORDERED** that the debtor shall pay the Standing Trustee, Isabel C. Balboa, the sum of $350.00 **for a period of 60 months** beginning immediately, which payment shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee of $3,500.00. The unpaid balance of the allowed fee in the amount of $0.00 plus costs of $0.00 shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

Page 3 of 4
Debtor: Dora Mae Canning
Case No.: 16-10773 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that if the debtor should fail to make plan payments for a period of more than 30 days, the Standing Trustee may file, with the Court and served upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have five days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon expiration of the Deadline to File a Proof of Claim, the Chapter 13 Standing Trustee may submit an Amended Order Confirming Plan upon notice to the debtor(s), debtor(s)' attorney and any other party filing a Notice of Appearance.

**ORDERED** that the debtor's Motion to Avoid Liens under 11 U.S.C. § 522(f) be and is hereby granted. The following liens that impair the debtor's exemptions shall be avoided upon completion of the debtor's plan:

  Discover Bank lien to be avoided

**ORDERED** that the debtor consents to pay secured claims as filed, with reservation of rights to challenge the claims.

Page 4 of 4
Debtor: Dora Mae Canning
Case No.: 16-10773 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** as follows:

pursuant to debtor's Chapter 13 Plan as last amended, the secured claim of MTGLQ Investors, LP will be paid outside of the Chapter 13 Plan pursuant to a loan modification agreement. The Standing Trustee shall make no payments to MTGLQ Investors, LP on account of pre-petition arrears set forth in the proof of claim dated May 12, 2016. total plan length of 60 months.